## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 15-20966-Civ-COOKE/TORRES

KARIN LOMBARDI,

      Plaintiff,

vs.

NCL (BAHAMAS) LTD., a
Bermuda Company doing
business as Norwegian Cruise Line,

      Defendant.

_____/

### ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT

      The phrase "when you gotta go, you gotta go" often refers to one's need to use the bathroom at any cost. *See, e.g.*, JURASSIC PARK (Universal Pictures 1993) (quoting Dr. Ian Malcolm's thoughts on hapless lawyer Donald Gennaro's scurry to the men's room before chaos ensues). In a rush to use the bathroom, however, injuries may occur (or in Mr. Gennaro's case, death by dinosaur). This case explores when a bathroom operator is liable for a person's restroom inattention.

      Plaintiff Karin Lombardi ("Plaintiff") seeks damages from Norwegian Cruise Line ("Defendant") for its alleged negligence related to injuries she suffered after tripping on a step to her cabin bathroom on a Norwegian cruise. Defendant contends it exercised reasonable care and did not owe Plaintiff a duty to prevent her injury since the bathroom step was an obvious and non-dangerous condition to a reasonable person. Before me is Defendant's Motion for Summary Judgment ("Motion") (ECF No. 32). I have reviewed Defendant's Motion and accompanying attachments, Plaintiff's response and accompanying attachments (ECF No. 53), Defendant's reply (ECF No. 55), the record, and the relevant legal authorities. For the reasons below, Defendant's Motion is granted.

## I.      BACKGROUND

Plaintiff was a passenger onboard Defendant's *Breakaway* cruise ship in April 2014. Def.'s Mot. Summ. J., Stmt. Material Facts ¶ 1, ECF No. 32.[1] When Plaintiff and her husband first entered their cabin, Plaintiff observed a step at the entrance of the cabin bathroom that separated the bathroom from the rest of her cabin. *Id.* ¶ 3. She was able to distinguish the step's surrounding areas—namely, the cabin carpeting, bathroom tiles, and the step itself. *Id.* ¶ 8. She also noticed a "Watch Your Step" sign outside the bathroom. *Id.* ¶ 7. Plaintiff testified that cabin bathrooms "always had a step" based on her prior cruise ship experiences. *Id.* ¶ 4. Further, she told her husband to "be careful" about the height of the step and not to "trip on that." *Id.* ¶ 5. Plaintiff estimated the step was one to two inches wide. *Id.* ¶ 6. Norwegian's corporate representative believed Plaintiff's cabin bathroom step was about seven inches high on the cabin side and four inches high on the bathroom side. Kilgour Dep. 74, ECF No. 53-2. Plaintiff had successfully traversed the cabin bathroom step multiple times in the days preceding her injury. Def.'s Mot. Summ. J., Stmt. Material Facts ¶¶ 9 – 15, ECF No. 32.

One evening after an event on the *Breakaway*, Plaintiff had an urgent need to use a bathroom. *Id.* ¶¶ 17, 22. She preferred to use her cabin bathroom and ran to her cabin door with her husband. *Id.* ¶¶ 18 – 20. As soon as her husband opened the cabin door, and with the cabin lights off, Plaintiff "rushed" to the bathroom because she "had to go badly." *Id.* ¶ 22. Unfortunately, Plaintiff stumbled over the cabin bathroom step and fell on the bathroom floor. *Id.* ¶ 25. Though she was aware the cabin lights would not turn on until a key card was inserted into a distinct slot, *Id.* ¶ 26 – 27, Plaintiff remarked that she "was not thinking" and that "you don't use your head sometimes." *Id.* ¶¶ 20, 28. At least a dozen other passengers had tripped and fallen on the cabin bathroom step since the *Breakaway* began service in April 2013. Pl.'s Resp. Def.'s Mot. Summ. J., Stmt. Add'l Material Facts ¶ 14, ECF No. 53.

---

[1] Defendant's statements of undisputed material facts set forth in its Motion and related filings are deemed admitted to the extent they are supported by evidence in the record and not specifically disputed by Plaintiff in an opposing statement of facts. S.D. Fla. L.R. 56.1(b); *see also Gossard v. JP Morgan Chase & Co.,* 612 F. Supp. 2d 1242, 1245 – 46 (S.D. Fla. 2009).

## II.    LEGAL STANDARD

Summary judgment "shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997) (quoting Fed. R. Civ. P. 56(c)) (internal quotation marks omitted); *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999). In making this assessment, a court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1285 (11th Cir. 1997), and "must resolve all reasonable doubts about the facts in favor of the non-movant." *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.,* 894 F.2d 1555, 1558 (11th Cir. 1990).

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 – 48 (1986) (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Likewise, a dispute about a material fact is a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"For factual issues to be considered genuine, they must have a real basis in the record . . . mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England,* 432 F.3d 1321, 1326 (11th Cir. 2005) (citations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that

3

party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. In those cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

## III.   DISCUSSION

A plaintiff's negligence claim under general maritime law follows the "general principles of negligence law" and must allege four elements:  "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). Plaintiff fails to meet the first two negligence elements since the bathroom step was an apparent and obvious condition to a reasonable person.

Defendant, as a vessel owner, "owes passengers the duty of exercising reasonable care under the circumstances." *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006). When a passenger claims she is injured by a dangerous condition on the ship, the standard of care "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). The mere fact an accident occurs does not mean the accident's setting constituted a dangerous condition. *See Isbell*, 462 F. Supp. at 1237. A carrier has a related "duty to warn passengers of dangers of which [it] knows or should know," *Poole v. Carnival Corp.*, No. 14-20237-CIV, 2015 WL 1566415, at *5 (S.D. Fla. Apr. 8, 2015), but "this duty extends only to those dangers which are not apparent and obvious to the passenger." *Luther v. Carnival Corp.*, 99 F. Supp. 3d 1368, 1370 – 71 (S.D. Fla. 2015) (internal quotation marks omitted). A condition is obvious and, thus, not dangerous, if a reasonable person can identify the condition through the "ordinary use of [his or her] senses." *Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40, 42 (S.D. Fla. 1986); *see also John Morrell & Co. v. Royal Caribbean Cruises, Ltd.*, 534 F. Supp. 2d 1345, 1351 (S.D. Fla. 2008).

Here, the bathroom step was not a dangerous condition[2] since it should have been

---

[2] Plaintiff's argument that the injury she suffered from the bathroom step was foreseeable is moot since I find the bathroom step was not a dangerous condition in the first place. Foreseeability applies to the causation element in a negligence action, not to the carrier's

obvious to Plaintiff through the "ordinary use of her senses." *Luby*, 633 F. Supp. at 42. Plaintiff testified she was aware of the step as soon as she entered the cabin, even warning her husband of the step and observing the "Watch Your Step" sign. She had also taken multiple cruises and found cabin bathrooms always had a step leading into them. *Cf. id.* (finding the defendant was not negligent toward the plaintiff, who had tripped over a shower ledge in her cabin bathroom, since the plaintiff had been a passenger on the cruise ship before and was "familiar with the fact that showers at sea are equipped with ledges"). And she had properly crossed the step several times during her stay before the injury. *Cf. Cohen v. Carnival Corp.*, 945 F. Supp. 2d 1351, 1358 (S.D. Fla. 2013) (finding the defendant had no duty to warn the plaintiff of risks with gangplank stairs since the plaintiff had previously walked on the steps and had used similar steps on prior cruises). Taken together, Defendant had no duty to protect Plaintiff from a potential bathroom step injury.

That the seven-inch step was unique to ships or that the cabin lights were off at the time of Plaintiff's injury does not alter my conclusion. While the design of a step separating a bathroom from its surroundings may be uncommon on land, raised surfaces and the risks therein are familiar. *Cf. Reinhardt v. Royal Caribbean Cruises, Ltd.*, 2013 WL 11261341, at * 5 (S.D. Fl. Apr. 2, 2013) (finding no liability for the defendant where the plaintiff fell off an elevated stage of a moving ship since "passengers [were] presumably familiar with standing on elevated planes," though not "ship movement itself"). So, too, is maneuvering a room with the lights off. Plaintiff could have "protect[ed] herself instinctively" from the bathroom step. *Id.* In particular, she could have walked and not ran to the bathroom, used her hands and feet to feel the walls and flooring leading to the bathroom, or simply turned on the cabin lights. Plaintiff admits she was inattentive because of her desire to use the bathroom, which indicates she was not in "ordinary use of her senses." Had she been, her injury could have been avoided.

Plaintiff's reliance on the district court's finding in *McQuillan v. NCL (Bahamas) Ltd.*, 2015 WL 7294828 (S.D. Fl. Nov. 19, 2015), is also misplaced. In *McQuillan*, the plaintiff fell off a step in an alcove while looking for her bags in a stack of luggage. *McQuillan v. NCL*

---

duty or breach of duty. *See Reinhardt v. Royal Caribbean Cruises, Ltd.*, 2013 WL 11261341, at * 6 (S.D. Fl. Apr. 2, 2013). Because Plaintiff has failed to prove the first two negligence elements, a foreseeability analysis is unnecessary.

*(Bahamas) Ltd.*, 2015 WL 7294828, at *1 (S.D. Fl. Nov. 19, 2015). The district court rejected the defendant's summary judgment motion since there was an issue over "whether the character, location or surrounding conditions of the step were such that a prudent person would not anticipate it." *Id.* at *3. The present case materially differs from *McQuillan*. The *McQuillan* plaintiff had only been "onboard for a few hours." *Id.* at *1. The plaintiff may have also misjudged the elevation change between the floor and step. *Id.* at *3. What is more, the luggage "obscured a very substantial portion" of the alcove step. None of those conditions are present here. Plaintiff had been on board the ship multiple days, she recognized the height differences around the bathroom step, and she did not allege that any items concealed the step at the time of her injury.

## IV.   CONCLUSION

I find that Plaintiff has not established that Defendant breached any duty owed to her. Plaintiff fails to show any genuine issue of material facts about Defendant's alleged negligence. It is, therefore, **ORDERED and ADJUDGED** that Defendant's Motion for Summary Judgment (ECF No. 32) is **GRANTED**. Plaintiff's Complaint is **DISMISSED**. All pending motions are **DENIED** *as moot*. I will issue a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**DONE and ORDERED** in Chambers at Miami, Florida, this 12th day of April 2016.

MARCIA G. COOKE
United States District Judge

*Copies furnished to*:
Edwin G. Torres, U.S. Magistrate Judge
Counsel of record